UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

JOHN WAYNE EHRHART,                          Case No. 11-35850-dof
                                             Chapter 7 Proceeding
          Debtor.                            Hon. Daniel S. Opperman
_____/
MICHAEL AND TAMMY CUMMINGS,

          Plaintiffs,

v.                                           Adversary Proceeding
                                             Case No. 12-3101-dof
JOHN WAYNE EHRHART,

          Defendant.
_____/

OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFFS' MOTION FOR EXTENSION
OF TIME TO FILE ADVERSARY PROCEEDING

Defendant, John Ehrhart, filed a petition seeking relief under Chapter 7 of the Bankruptcy

Code on December 30, 2011. When Mr. Ehrhart's case was filed, the deadline of March 26, 2012,

was set to file an adversary proceeding to determine the dischargeability of debts. Plaintiffs filed

their Complaint on March 28, 2012, and the Defendant filed a Motion for Summary Judgment on

April 4, 2012. The Plaintiffs in turn filed a Motion for Extension of Time to File Adversary

Proceeding on May 2, 2012. The Court conducted a hearing on these two Motions on June 6, 2012,

and took this matter under advisement.

Facts

The Defendant did home improvement projects and he entered into a contract with the

Plaintiffs to make improvements to their home in 2000. The Defendant's work was not satisfactory

1

to the Plaintiffs and they were forced to hire others to repair damage caused by the defects in Defendant's work. Plaintiffs filed a lawsuit against Defendant in the Genesee County Circuit Court and received a default judgment on August 6, 2001, in the amount of $56,298 plus statutory interest. Plaintiffs were not able to collect the full amount of this judgment, and they filed an ex-parte motion to renew the judgment on February 14, 2011.

After Defendant's bankruptcy petition was filed, Plaintiffs contacted their attorneys for advice and direction as to their next appropriate step. Plaintiffs' attorneys did not have any part of their 2000 and 2001 file because those records were destroyed consistent with the Plaintiffs' attorneys' records retention policy. As a result, Plaintiffs were instructed by their attorneys to go to the Genesee County Circuit Court, obtain copies of the appropriate documents, and then return those documents to Plaintiffs' attorneys. Plaintiffs acted on this advice and obtained the necessary documents to allow their attorneys to file the instant Complaint.

In the meantime, Plaintiffs' attorney attended the adjourned first meeting of creditors on February 2, 2012, and advised Defendant's attorney that Plaintiffs would file an adversary proceeding complaint. From the record developed to date, there is no evidence that Plaintiffs' attorney communicated further with Defendant's attorney or that Defendant's attorney took any action to forestall or impede Plaintiffs' prosecution of this adversary proceeding. Instead, as stated at the June 6, 2012, hearing, Plaintiffs' attorney merely missed the deadline initially set by the Court and instead entered an improper deadline of March 28, 2012, on her internal calendar system. This date was two days after the March 26, 2012, deadline set by the Court.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (I) (determinations as to the dischargeability of particular debts).

<u>Analysis</u>

The March 28, 2012, deadline set by the Court is not jurisdictional. *In re Maughan,* 340 F.3d 337, 344 (6th Cir. 2003). Accordingly, this Court has jurisdiction to determine whether there is an equitable basis to toll the deadline imposed by Fed. R. Bankr. P. 4007(c).

*Maughan* is instructive. In *Maughan*, the Sixth Circuit Court of Appeals set five factors the Court should consider:

1.    Lack of actual notice of the filing requirement;

2.    Lack of constructive knowledge of the filing requirement;

3.    Diligence in pursuing one's rights;

4.    Absence of prejudice to the defendant; and

5.    A plaintiff's reasonableness of remaining ignorant of the notice requirement.

*Maughan*, 340 F.3d at 344 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). In *Maughan*, the plaintiff did not claim lack of notice or knowledge of the filing deadline because that deadline, as in this case, was well known. Instead, the *Maughan* court focused on the diligence of the plaintiff in pursuing his rights and the resulting prejudice to the defendant. *Maughan* at 344. In *Maughan*, the defendant did not turn over documents voluntarily and, after plaintiff was forced to procure a court order compelling the defendant to produce documents, the defendant continued to delay in producing documents. The plaintiff in *Maughan* was diligent in seeking to enforce his

3

rights and the delay of the defendant contributed to the plaintiff's failure to file his complaint timely. Moreover, the *Maughan* court found that the plaintiff could have filed a motion to extend the deadline and, in fact, filed that motion only three days after the deadline. Again, the *Maughan* court attributed this delay to being, in part, to the defendant's actions.

In this case, there is no evidence that the Defendant delayed or contributed to the delay experienced by Plaintiffs. Instead, the delay in Plaintiffs' filing this adversary proceeding was caused by the document retention policy of Plaintiffs' attorneys. Also, there is no evidence that the Defendant led Plaintiffs to believe that an extension of time would be granted. In fact, there is no evidence that there was any communication whatsoever between Plaintiffs' attorney and Defendant's attorney after the February 2, 2012, first meeting of creditors. This case, therefore, stands in stark contrast to *Maughan*, where there was ample evidence that the defendant's dilatory tactics contributed to the plaintiff's failure to timely file a complaint.

Also in contrast is the delay of the Plaintiffs in filing a motion to extend the time. In *Maughan*, the motion was filed three days after the deadline set by the rule. In this case, the motion was filed over a month later and after the Defendant filed his Motion for Summary Judgment.

The Court does note that some thought was given by Plaintiffs in regard to the Complaint in this adversary proceeding in that the amount requested is significantly less than the Genesee County Circuit Court judgment. The Court acknowledges that this shows some evidence of diligence by Plaintiffs, but not sufficient diligence as required by *Maughan*.

This Court concludes that Plaintiffs were not sufficiently diligent in pursuing their rights as mandated by *Maughan* and that Plaintiffs had actual and constructive knowledge of the filing deadline. The Court also finds that the Plaintiffs were not reasonable in remaining ignorant of the

4

filing deadline.  Finally, the issue of absence of prejudice to the Defendant is at best a neutral factor in that, while Defendant did not show any prejudice in terms of the destruction of evidence or loss of witnesses, the Defendant did have an expectation of having a discharge of his obligations after March 28, 2012.  This is more telling given that the Plaintiffs obtained a judgment against him in 2001.

The Court holds that the doctrine of equitable tolling does not apply to this case and that Defendant's Motion for Summary Judgment is Granted and Plaintiffs' Motion for Extension of Time to File Adversary Proceeding is Denied.

Counsel for Defendant is requested to prepare an order consistent with this Opinion and present this order consistent with the rules of this Court.

Signed on August 10, 2012

                                        /s/ Daniel S. Opperman
                                        Daniel S. Opperman
                                        United States Bankruptcy Judge